UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**UNITED STATES OF AMERICA,**

    v.                                             CRIMINAL NO. 4:20cr8

**ANUBIAN R. ASARA-EL,**

        **Defendant.**

## OPINION

This matter comes before the court on the Defendant's appeal of his conviction following a bench trial held before Magistrate Judge Douglas E. Miller on February 10, 2020. ECF No. 1. The Magistrate found the Defendant guilty of Possession of Cocaine, in violation of 21 U.S.C. § 844. ECF No. 6. The Defendant was sentenced to probation for a term of twelve (12) months. ECF No. 1-5. The Defendant filed a Notice of Appeal on February 10, 2020, immediately following his trial. ECF No. 1. After retaining counsel, the Defendant filed a "Statement of Issues and Memorandum in Support" ("Def. Br.") on June 10, 2020. ECF No. 10. On appeal, the Defendant challenges the sufficiency of the Government's evidence.[1] The United States filed a Brief in opposition ("Gov.

---

[1] The Defendant has not raised any issues regarding the Magistrate Judge's evidentiary rulings on appeal. At the bench trial, the Defendant attempted to submit into evidence an affidavit, but the Magistrate Judge sustained a hearsay objection by the Government and determined that it was inadmissible. See Trial Tr. at 34-35. The Defendant did not raise this issue in his brief on appeal, and counsel for the Defendant expressly waived this issue during the December 2, 2020, hearing before the undersigned district judge.

Br.") on June 29, 2020. ECF No. 11. A hearing on the appeal was held before the undersigned district judge on December 2, 2020. ECF No. 13.

## I. Background

The following facts were established at the Defendant's bench trial by the testimony of Officer Nicholas Murray, Officer Alexander Huber, Detective Jason Keller, and the Defendant about the circumstances surrounding the Defendant's arrest on April 30, 2019.

Officer Nicholas Murray, a law enforcement officer stationed at Fort Eustis Army Base, testified that at approximately 7:50 p.m. on April 30, 2019, the Defendant attempted to access Fort Eustis while driving for Uber in his personally-owned vehicle. Trial Tr. at 7-8.[2] According to Officer Murray, when individuals attempt to enter a military installation, they must provide identification for a background check. Id. at 8. By their attempt to enter, they also give implied consent to search their vehicles. Id. The Defendant provided his license at the entering gate, and when the officers ran his criminal background, it showed that there was an outstanding warrant for him out of York County, Virginia. Id.

---

[2] Officer Murray could not recall if there was a passenger in the Defendant's vehicle. Trial Tr. at 10.

2

Officer Murray testified that according to standard procedures, if an individual's license check comes back reflecting a warrant, he is apprehended and removed from the area. Id. at 9. After the warrant is confirmed with the local county, officers inventory the individual's vehicle for personal belongings, tow the vehicle, and transport the individual to the local police station. Id. In accordance with these procedures, the Defendant was apprehended and removed from the area. Id. After officials in York County confirmed the warrant, Officer Murray performed an inventory search of the Defendant's vehicle. Id.

During the search, Officer Murray observed a clear plastic bag in a compartment on the driver's side door "under some trash." Id. at 10. The bag included several small baggies and a larger bag with capsules. Id. The baggies and the capsules contained a "white powdery substance." Id. Officer Murray testified that the bag was not in plain view, but instead was discovered pursuant to the inventory search. Id. at 14.[3] During the search, the Defendant made no statements to Officer Murray and did not exhibit furtive, suspicious, or uncooperative behavior. Id. at 10, 17.

Based on his experience, Officer Murray suspected that the powdery substance discovered in the vehicle was cocaine. Id. at

---

[3] This appeal does not involve any challenge to the detention of the Defendant, the search of his vehicle, or the subsequent seizure of the drugs.

10. In accordance with standard procedures, he placed the suspected drugs in an evidence bag to be sent to a lab for testing. Id.[4] Officer Murray also testified that three phones also were recovered from the Defendant's vehicle and placed in evidence. Id. at 17.

Officer Alexander Huber, who was working at the search tent[5] at Fort Eustis on the night of the incident, testified that Officer Murray had called him over during the inventory search of the Defendant's vehicle after discovering the suspected drugs. Id. at 20. Officer Huber looked inside the vehicle at the driver's side door and observed "a Baggie containing some powder substance." Id. at 20, 22. After Officer Murray and Officer Huber decided that the substance was potentially narcotics, the Defendant was apprehended and transported to the police station along with the suspected narcotics. Id. at 11, 21.

Next, Detective Jason Keller, a law enforcement officer stationed at Fort Eustis, testified about the standard procedures for collecting and handling evidence. Id. at 26. Officer Keller received the evidence recovered from the Defendant's vehicle and sent the suspected drugs to USACIL for testing. Id. at 27. According to Detective Keller, the testing results identified the powdery substance within the baggies and capsules as cocaine. Id.

---

[4] See supra note 3.

[5] The "search tent" is an area at the entrance of the military base where entering vehicles are subject to routine searches. Trial Tr. at 20.

4

at 29. In total, the officers recovered about eight (8) grams of cocaine, spread between various bags and baggies, and 170 capsules containing cocaine, from the Defendant's vehicle. See Trial Tr. at 29, Gov't Ex. 1.[6]

During the bench trial, the Defendant moved into evidence a document that "appear[ed] to show that [the Defendant] had a rider and a fare at 7:06 p.m." Id. at 35. The Defendant testified that on April 30, 2019, he "had got [his] vehicle back" around 6:30 p.m., "finished work at [his] office," and decided he would drive for Uber. Id. at 37. The Defendant testified that he picked up a passenger with duffel bags standing outside the bus station "right in front of the security tent" at Fort Eustis. Id. at 39-40. The Defendant helped the passenger put the duffel bags in the trunk of his vehicle. Id. at 38. They attempted to enter the military base through the "checkpoint" where the events described above occurred. Id. at 38-39.

## II. Standard of Review

A decision of a magistrate judge is reviewed on appeal to the district judge using the same standard of review as an appeal from a district court to a circuit court. See Fed. R. Crim. P. 58(g)(2)(D); United States v. Bursey, 416 F.3d 301, 305 (4th Cir. 2005). On appeal, "[f]indings of fact made by the trial court are

---

[6] See supra note 3.

reviewed for clear error, and issues of law . . . are reviewed de novo." Id. at 306.

In a challenge to the sufficiency of the evidence, courts assess the evidence, "including all reasonable inferences to be drawn therefrom[,] in the light most favorable to the Government." Bursey, 416 F.3d at 306. The court "must sustain the fact finder's verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (internal quotations omitted). In other words, the court must sustain the verdict if there is "substantial evidence" to uphold it, when viewed in the light most favorable to the prosecution. United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996).

The offense of possession under 21 U.S.C. § 844(a) requires the Government to prove that the Defendant (1) knowingly (2) possessed a controlled substance. United States v. Fattaleh, 746 F. Supp. 599, 602 (D. Md. 1990). The Government may prove either "actual possession" or "constructive possession." United States v. Samad, 754 F.2d 1091, 1096 (4th Cir. 1984). "Constructive possession exists when the defendant exercises, or has the power to exercise, dominion and control over the item." United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir. 1980). A defendant may be deemed to possess contraband within a motor vehicle if he "owns or exercises dominion or control over [the] motor vehicle in which

6

the contraband . . . is concealed." United States v. Crockett, 813 F.2d 1310, 1316 (4th Cir. 1987) (quoting United States v. Vergara, 687 F.2d 57, 62 (5th Cir.1982).

### IV. Analysis

The Defendant argues that the Government presented insufficient evidence to establish that the Defendant knowingly possessed cocaine. Def. Br. at 5. He asserts that the evidence is insufficient to prove that (1) he knew the bag with cocaine was in the compartment of the driver's side door underneath trash, and (2) that the substance within the bag was cocaine. Id. "It is absolutely unreasonable," he argues, to infer "that the driver of the vehicle . . . had the intention to exercise dominion and control over the cocaine," since the vehicle had been out of the Defendant's possession at some point earlier in the day and the bag was not in plain view. Id. at 6. The Defendant notes the possibility that others are responsible for the drugs in his vehicle based on the testimony that he "got . . . back" his vehicle the day of the incident and testimony that he had an Uber passenger. Trial Tr. at 36; see Def. Br. at 5. The Defendant does not deny his ownership of the vehicle or that he had possession of the vehicle at the time of the search and seizure of the drugs.

The Magistrate Judge, as factfinder, reasonably inferred that the Defendant, at the very least, constructively possessed cocaine because he "own[ed]" and "exercise[d] dominion or control over the

7

vehicle in which the [cocaine was] concealed." Crockett, 813 F.2d at 1316; see Trial Tr. at 45. The Defendant was driving the vehicle and had easy access to the driver's side compartment where the cocaine was found. See id. at 39, 45. That fact also supports an inference that the Defendant knew that he possessed cocaine. See Laughman, 618 F.2d at 1076 ("There is an inference that the driver of the vehicle has knowledge of the contraband within it."). Moreover, in total, the officers recovered from the Defendant's vehicle about eight (8) grams of cocaine in baggies and 170 capsules. See Tr. at 29, Gov't Ex. 1. The sheer amount of cocaine, the attendant packaging for apparent distribution, and the lack of any prescription for drugs, certainly supports an inference of knowledge. Also, the location of the baggies and capsules in the driver's side door, beneath trash, supports an inference of an intent to hide.[7] That inference reasonably supports the conclusion that the Defendant knew the substance was cocaine or, at a minimum, an illegal substance. See United States v. Clay, 346 F.3d 173, 177 (6th Cir. 2003) (determining that under 21 U.S.C. § 844(a), the Government has to establish that the defendant knew he possessed

---

[7] An inference could also be drawn that the Defendant lacked knowledge that the cocaine was in the compartment because it was covered by trash and out of plain view. See Def. Br. 5. However, under the applicable standard of review, the court must view the evidence in light most favorable to the prosecution, and must accept the factfinder's inferences if a rational trier of fact could have made them. See Bursey, 416 F.3d at 306; Lomax, 293 F.3d 701, 705. Therefore, there is sufficient evidence to support the inference that it was hidden.

a controlled substance, but does not have to establish that he knew he possessed a specific drug type); United States v. Brower, 336 F.3d 274, 276 (4th Cir. 2003)(holding that a similar statute, 18 U.S.C. § 841(a), which makes it a crime to "knowingly or intentionally . . . possess with intent to distribute . . . a controlled substance," does not require proof that a defendant knew the substance was a particular drug type, but only that a defendant knew that it was a controlled substance).

The Defendant testified that he had a passenger in the car, but there is no evidence that the passenger ever had access to the driver's side compartment and, even if so, constructive possession can be imputed to both the driver and a passenger. See, e.g., Crockett, 813 F.2d at 1316 (finding sufficient evidence to support constructive possession of PCP where the passenger was holding a gym bag with PCP inside). Moreover, the passenger was picked up at the bus station in front of the search tent just moments before the Defendant's vehicle was stopped at the checkpoint. See Trial Tr. at 38. Additionally, the Defendant did not elaborate on his statement at trial that "he got [his] vehicle back" on the day of the incident, or from whom he got it back, so such uncorroborated testimony is not inconsistent with an inference that the Defendant knowingly possessed cocaine. Id. at 36.

The Defendant relies basically on the argument that he made no statement to the officers about the drugs and that he was

cooperative and not nervous or suspicious acting during the stop. However, the Government is not required to present evidence to exclude every alternative theory or hypothesis in the case or defense by a defendant. See, e.g., United States v. Van Fossen, 460 F.2d 38, 40 (4th Cir. 1972). Simply put, there was no clear error in the findings of fact and the inferences drawn therefrom by the Magistrate Judge, and the Government's evidence was sufficient to support the Magistrate Judge's findings of fact and conclusions of law.

## V. Conclusion

Viewing the evidence "in the light most favorable to the Government," Bursey, 416 F.3d at 306, the evidence is sufficient for a "rational trier of fact" to find beyond a reasonable doubt that the essential elements of the crime were committed. Lomax, 293 F.3d at 705. Accordingly, the Defendant's conviction is **AFFIRMED**.

The Clerk is **DIRECTED** to send a copy of this Opinion to counsel for the Defendant, and the United States Attorney at Newport News.

**IT IS SO ORDERED.**

/s/ RBS
Rebecca Beach Smith
Senior United States District Judge

———————————————————
Rebecca Beach Smith
Senior United States District Judge

December 7, 2020